Gatehouse Media Massachusetts I, Inc. v. The New York Times Co. Doc. 26

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**GATEHOUSE MEDIA MASSACHUSETTS I, INC., DOING BUSINESS AS GATEHOUSE MEDIA NEW ENGLAND,**

*Plaintiff,*

*v.*

**THE NEW YORK TIMES CO., DOING BUSINESS AS BOSTON.COM,**

*Defendant.*

**Case No.: 08-12114-WGY**

**PLAINTIFF'S UNOPPOSED MOTION FOR RULING ON JURISDICTION**

Plaintiff GateHouse Media Massachusetts I, Inc. ("GateHouse") respectfully requests that the Court make a pre-trial determination as to GateHouse's standing to bring suit on its claims under the Copyright Act, 17 U.S.C. § 401 *et seq.* Defendant, The New York Times Co., has indicated it will not oppose this application and will not take a position on the substantive issue. Nevertheless, both parties recognize that this may be a jurisdictional issue, and further that interests of judicial economy strongly weigh in favor of the Court addressing it prior to the parties proceeding to a trial on the merits currently scheduled for January 26, 2009.

The issue is whether the Court has jurisdiction over statutory copyright infringement claims when the plaintiff has filed copyright applications prior to bringing suit, but has yet to receive certificates of registration from the Copyright Office. There is some split among the courts and it does not appear the First Circuit has spoken to the issue, but as will be discussed, *infra*, the prevailing view in the majority of jurisdictions is the construction of the statute that enables copyright litigants and the courts to proceed without delay toward trial on the merits, not waiting for the Copyright Office to process the owners' application. *See*, *infra*, at pp. 6-8 for



Dockets.Justia.com

citations following this "application" approach, compared to cases taking the more narrow view that the copyright owner must wait for the certificate to issue from the Copyright Office, referred to here as the "certificate" approach.

**GateHouse Filed Expedited Copyright Applications Prior to Suit and Awaits the Certificates.**

Because the materials that are the subject matter of this case were current or very recent publications, GateHouse had not yet applied for copyright registration at the time that it learned of defendant's conduct. Shortly before bringing suit, on December 19, 2008, GateHouse delivered applications for expedited copyright registration to the United States Copyright Office for extensive materials in its newspapers and on its websites which the Complaint avers have been the subject of defendant's copying. True and correct copies of applications and deposit materials are annexed as exhibits to the Complaint and as Exhibits 3 and 4 to the Affidavit of Alpa V. Patel (Dkt. #8) filed in support of plaintiff's motion for preliminary injunction. The Patel Affidavit details the application steps taken at ¶¶ 10-16.

Requesting and paying for expedited treatment from the Copyright Office considerably shortens the processing time for copyright applications. The processing fee for expedited treatment is $685 per registration, and GateHouse's efforts to expedite multiple registration applications in this matter has therefore resulted in significant expenditure of both time and money. *See* Patel Aff., ¶¶ 15 and 19; *see also* www.copyright.gov/docs/fees.html.

**Registration and Standing Under the Copyright Act.**

The Copyright Act provides that "no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Importantly, however, it also provides that "registration" relates back to the date of submission of the application materials:

"the effective date of a copyright registration is the day on which an application, deposit and fee, which are later determined by the Registrar of Copyrights or by a court of competent jurisdiction to be acceptable for registration, have all been received in the Copyright Office." 17 U.S.C. § 410(d). As attested to in the Patel Affidavit, GateHouse had the applications, fees and materials hand delivered to the Copyright Office on December 19, 2008, three days prior to commencement of this action. Patel Aff. ¶¶ 10-16.

**The Decisions in This Circuit.**

While the First Circuit is not known to have adjudicated the present issue, two District Court opinions in this Circuit appear to diverge on the point.

In *Foraste v. Brown Univ.*, 248 F.Supp.2d 71, 77-78 (D.R.I. 2003), Judge Smith analyzed the statute and the precedents at some length, and came to the conclusion urged by what the opinion calls the "wealth of authority" that "a pending registration application is sufficient to confer federal jurisdiction over a copyright infringement claim." *Id.* In adopting this "application" approach, Judge Smith did not reject the principle that copyright registration is a condition precedent to an infringement action under the statute,[1] but he recognized that the more narrow certificate approach to reading the standing provision of the statute would be at odds with other provisions and make little sense in the overall scheme. *Id.* at 77-78. Thus, Judge Smith concluded that "it is the submission of an application, deposit, and fee (rather than the issuance

[1] *Foraste* cites this Court's opinion (Tauro, J.) in *Quincy Cablesystems, Inc. v. Sully's Bar, Inc.*, 650 F.Supp. 838, 850 (D. Mass. 1986), for the proposition that registration is a standing requirement. In *Quincy*, the plaintiff failed to include registration allegations in the Complaint, and Judge Tauro dismissed with leave to file "an amended or supplemental complaint which relates back to the commencement of the action, within 20 days of [his memorandum and order]." 650 F.Supp. at 850 (plaintiff's right to amend buttressed by lack of prejudice to defendant). The issue of the application approach versus certificate approach to standing addressed in this motion, and the authorities discussed herein, were not discussed in *Quincy*. Nevertheless, some who have attempted to list all the courts falling into one or the other camp on this issue sometimes list such a case as following the narrower view based on too superficial of a reading of the facts or too limited of an understanding of the application-based analysis. Indeed, the opinions following the application view, like *Foraste*, do not reject the statutory requirement of "registration."

*vel non* of a registration certificate) that triggers registration for purposes of conferring standing to sue." *Id.* This understanding of the statutory language not only gives coherent meaning to the various provisions, but yields the more practical and efficient result, as will be discussed further.

In *Inkadinkado, Inc. v. Meyer*, 2003 U.S. Dist. Lexis 17458, 68 U.S.P.Q.2d 1540 (D. Mass. 2003), Judge O'Toole dismissed (without prejudice) a counterclaim-plaintiff's copyright count from a three-count counterclaim, where the counterclaim-plaintiff had not received registration certificates at the time of bringing the claim. In the bulk of the opinion, however, Judge O'Toole addresses the merits and denies the counterclaim-plaintiff's motion for a preliminary injunction, finding only "thin" copyright protection for the subject work possible, and likelihood of success on the infringement claim lacking. *Id.* at *7-10. The opinion does not analyze the statutory structure or ramifications of the narrow view of the standing requirement as do many of the cases discussed below. It is worth noting that in the *Inkadinkado* suit, the temporary dismissal of the infringement count pending issuance of a certificate would seem to have had little practical or procedural impact on the litigation which would continue toward discovery as a declaratory judgment action for non-infringement, with separate unfair competition counterclaims. In contrast here, with the preliminary injunction hearing merged with a prompt trial on the merits, the narrow view of jurisdiction would likely cause serious disruption and inefficiency, both for the parties and the Court.

**The Wealth of Authority Favors the Conclusion that Application for a Certificate of Registration is Sufficient to Bring Suit Under the Copyright Act.**

That Congress tailored the various registration provisions as incentives for certain copyright owners to submit applications to register their works with the Copyright Office is not in debate. *See generally* 2-7 *Nimmer on Copyright* § 7.16. The filing of the application for registration satisfies the legislative intent in that regard "given that the claimant at that juncture

has done all that it can do," and it is difficult to presume that the legislature intended as well to create "a period of 'legal limbo'" during which suit is barred, especially given other provisions of the Act which allow the claimant to go forward eventually even if the Copyright Office rejects the application and refuses to issue the certificate. *See Id.* at § 7.16[B][1][a][i] (*citing Prunte v. Universal Music Group*, 484 F.Supp.2d 32, 40 (D.D.C. 2007) (Friedman, J.) a*nd Phoenix Renovation Corp. v. Rodgriquez*, 403 F.Supp.2d 510, 514 (E.D. Va. 2005) (Cacheris, J.); and opining that the application based approach "better comports with the statutory structure").

Courts in numerous circuits have affirmed that, consistent with the structure and purpose of the Copyright Act, a pending application for copyright registration is sufficient to bring suit for infringement. These include at least two Circuit Courts of Appeal:[2] the Fifth Circuit in *Apple Barrel Productions, Inc. v. R.D. Beard*, 730 F.2d 384 (5th Cir. 1984), *Geoscan, Inc. of Texas v. Geotrace Techs., Inc.*, 226 F.3d 387, 393 (5th Cir. 2000), and *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357 (5th Cir. 2004), and the Eighth Circuit in *Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345 (8th Cir. 1994) and *Action Tapes, Inc. v. Mattson*, 462 F.3d 1010 (8th Cir. 2006).

Numerous district court opinions are in accord. *See Foraste v. Brown Univ.*, *supra*, 248 F.Supp.2d, 77-78 (D.R.I. 2003) (pending application sufficient); *Prunte v. Universal Music Group*, 484 F.Supp.2d 32 (D.D.C. 2007); *Phoenix Renovation Corp. v. Rodgriquez*, 403

[2] While the Eleventh Circuit's decision in *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486 (1990), is sometimes cited in alignment with the more narrow and restrictive approach, it only discusses the issue in the context of the procedural history below, and not an issue analyzed on appeal. For its purposes, the Court merely noted that the distinction between whether the district court should have required the filing of a new complaint or allowed amendment following its dismissal of the original complaint on the jurisdictional ground was merely technical, and would not keep it from exercising jurisdiction and reaching the merits. Further, the court recalled that in *Pacific & Southern Co. v. Duncan*, 744 F.2d 1490, 1499 (11th Cir. 1984), it allowed injunctive relief to be sought prior to registration. *See M.G.B. Homes*, 903 F.2d at 1439. As discussed *infra*, the implication for this discussion of that rather settled law that an injunction can be sought prior to registration for future unregistered works is often overlooked, but weighs in favor of the application based view.

F.Supp.2d 510, 514 (E.D. Va. 2005); *Salerno v. City Univ. of N.Y.*, 191 F.Supp.2d 352, 356 (S.D.N.Y. 2001); *Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp.*, 210 F.Supp.2d 147, 157 (E.D.N.Y. 2002), *aff'd*, 354 F.3d 112 (2d Cir. 2003); *Mist-On Sys. v. Gilley's European Tan Spa*, 303 F.Supp.2d 974, 977 (W.D. Wis. 2002); *Wilson v. Mr. Tee's*, 855 F.Supp. 679, 682-83 (D.N.J. 1994).

Nevertheless, notwithstanding the import and structure of the Copyright Act in this regard, the Tenth Circuit and some district court opinions have held that the Copyright Act requires that a copyright owner apply for registration *and* wait for the Copyright Office to issue a certificate on that application, prior to bringing suit for infringement. *See La Resolana Architects, PA, v. Clay Realtors Angel Fire*, 416 F.3d 1195 (10th Cir. 2005); *see also Nimmer* at § 7.16[B] (surveying courts taking the two approaches). While some such opinions, like the Tenth Circuit's in *La Resolana*, engage in analysis of the meaning of the statute's words, those opinions do not appear to reconcile their proffered interpretation with its practical (and sometimes impractical) effect. *See La Resolana,* 416 F.3d at 1206-1208 (passing on questions of post-dismissal procedure and cure).

In contrast, the Fifth and Eighth Circuits, numerous District Court opinions like *Foraste,* and *Nimmer,* all conclude that authorizing a party which has applied to register a copyright to litigate an infringement claim better comports with the statutory structure of the Copyright Act as whole. *See supra* at pp. 3-5. Many of these authorities note and analyze the ample evidence that in declaring registration to be a prerequisite to suit, the Act is not meant to mandate that a certificate be issued and received prior to commencement of the infringement action. In this regard, the Copyright Act:

(i) states as noted above that registration relates back to and is effective as of the application date (§410(d), quoted *supra*);

(ii) states that registration can be effective on the application date even when the merits of an application must be "later determined by…a court of competent jurisdiction" (*Id.*);

(iii) states that "registration is not a condition of copyright protection" (§408(a)); and

(iv) provides that an applicant whose application has been rejected by the Copyright Office can still bring suit, with service of a copy on the Registrar of Copyrights (§411(a)).

See *Nimmer,* §7.16[B]; *see also, e.g., Prunte v. Universal Music Group,* 484 F.Supp.2d at 39-40.

**Case Law on the Availability of and Need for Injunctive Relief in the Context of Infringement Strongly Supports the Application Approach.**

A reading of the statute that allows suit upon application and before waiting for issuance of a certificate also seems to be inherent in the prevailing case law finding that a copyright owner may obtain an injunction as to unregistered works. *See Cipes v. Mikasa, Inc.*, 404 F.Supp.2d 367, 371-72 (D. Mass. 2005); *Marvin Music Co. v. BHC Ltd. P'ship*, 830 F.Supp. 651, 655 (D. Mass. 1993). Indeed, in this case GateHouse seeks to enjoin defendant from infringing both its recent copyrighted newspaper and website content, and also its future copyrightable content. Such relief is available where, as alleged here, a defendant has "engaged in a pattern of infringement of a plaintiff's registered copyrights and can be expected to continue to infringe new copyrighted material emanating in the future from the plaintiff." *Olan Mills Inc. v. Linn Photo Co.,* 23 F.3d 1345, 1349 (8th Cir. 1994); *Pacific & Southern Co. v. Duncan*, 744 F.2d 1490, 1499 (11th Cir. 1984).

In this type of context, such relief for future works, and the ability to bring suit while awaiting the return of certificates for present works, is the only way to further the purposes both of the Copyright Act and of practical judicial efficiency. Even if GateHouse was willing to pay

the $685 fee for expedited registration from the Copyright Office for each copied newspaper or online article, it would not receive the registrations for weeks after publication — which would exceed the lifespan of these articles in the news cycle. By that point, the copies will have been posted on the infringing website.

In *Pacific & Southern Co.*, defendants had regularly copied a daily news broadcast and sold the tapes, and would have continued to do so unless enjoined. The Eleventh Circuit found that unless plaintiff could obtain an injunction against future infringement, it would only be able to enforce its copyrights against defendant by finding out which stories had been copied and sold, registering those stories, and bringing serial infringement actions against the defendant. The court found that this was not the statutory scheme or goal: "[t]his is a classic case, then, of a past infringement and a substantial likelihood of future infringements which would normally entitle the copyright holder to a permanent injunction against the infringer pursuant to 17 U.S.C. § 502(a)." 744 F.2d at 1499. The court concluded that the power of the district courts to issue injunctions is not limited to works already in existence, but applies to future works as well, and on that basis rejected defendants' argument that jurisdiction was lacking due to the registration requirement. *Id.* & n.17.

Similarly, in *Olan Mills*, a professional photographer and society of professional photographers brought an action against a photo developer who, they alleged, was likely to continue to make infringing reproductions of photographs. The Eighth Circuit found that when "a copyright owner has established a threat of continuing infringement, the owner is entitled to an injunction regardless of registration." 23 F.3d at 1349.

**The Purposes of the Copyright Act and the Interests of Judicial Efficiency Lead to the Conclusion that Standing Exists.**

While it may be the case that the copyright owner may only seek equitable relief and not damages until such time as the subject work is issued a certificate of registration (effecting registration as of the application date), *see Foraste*, 248 F.Supp.2d at 78, the plethora of opinions finding in favor of standing as of the time of application reject the form over substance result of making the parties wait for the certificate. *Id.* That result would delay an owner's ability to protect its works, would delay trial on the merits generally, and would frustrate efforts like in this matter where the Court has efficiently merged the preliminary injunction motion with a prompt trial.[3] *See International Kitchen Exhaust Cleaning Assn. v. Powers Washers of No. America*, 81 F.Supp.2d 70, 72 & n.17 (D.D.C. 2000) (result best effectuates the interests of justice and judicial economy).

Also, the conclusion that application is sufficient to bring suit is consistent with the First Circuit's view that injunctive relief must be promptly available because "copyright protects the unique and somewhat intangible interest of creative expression:"

> …the commercial value of the copyright owner's tangible expression, appropriated by an infringer, may be lost by the time litigation on the claim is complete. Furthermore, monetary recovery at that point may be inadequate to redress the harm.

*Concrete Machinery Co. v. Classic Lawn Ornaments, Inc.*, 843 F.2d at 611. This is unquestionably the case for news and other media involved in the daily or weekly publication of current material. *See Pacific & Southern Co. v. Duncan*, 744 F.2d 1490, 1499 (11th Cir. 1984). In the internet age, such expeditious relief is even more obviously essential to a copyright owner receiving the benefit of the Copyright Act's protection.

---

[3] Here, denying standing on the copyright claims would present the Court and the parties with the inefficient choice of proceeding to trial on some claims but not others.

## CONCLUSION

Plaintiff GateHouse Media Massachusetts I, Inc. respectfully submits that its pending applications with the Copyright Office for its news articles containing the headlines and ledes copied by the defendant's local "yourtown" websites confer jurisdiction upon this Court, such that the parties may proceed to trial on the merits, without delay, on all claims.

Respectfully submitted,

PLAINTIFF,
GATEHOUSE MEDIA
MASSACHUSETTS I, INC.
By its attorneys,

*/s/ Joseph L. Stanganelli*
Joseph L. Stanganelli (BBO #628958)
Anthony A. Scibelli (BBO #556507)
Carolyn A. Marcotte (BBO #663616)
HISCOCK & BARCLAY, LLP
50 Federal Street, 5th Floor
Boston, Massachusetts 02110
Telephone: (617) 274-2900
Facsimile: (617) 722-6003

and

Michael J. Grygiel (*pro hac vice*)
William A. Hurst (*pro hac vice*)
HISCOCK & BARCLAY, LLP
50 Beaver Street
Albany, New York 12207
Telephone: (518) 429-4234
Facsimile: (518) 429-4201

Dated: January 12, 2009

## LOCAL RULE 7.1 CERTIFICATE

Counsel for the parties conferred on several occasions regarding the subject of this Motion. R. David Hosp, Esq. (counsel for defendant) has advised that defendant does not oppose this Motion.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Unopposed Motion for Ruling on Jurisdiction filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on January 12, 2009.

*/s/ Joseph L. Stanganelli*
Joseph L. Stanganelli