UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GATEHOUSE MEDIA MASSACHUSETTS I, INC., d/b/a GATEHOUSE MEDIA NEW ENGLAND,<br><br>*Plaintiff,*<br><br>v.<br><br>THE NEW YORK TIMES CO., d/b/a BOSTON.COM,<br><br>*Defendant.* | Civil Action No. 1:08-cv-12114-WGY |

## SECOND JOINT STATUS REPORT AND [PROPOSED] SCHEDULE

The parties, plaintiff GateHouse Media Massachusetts I, Inc., and defendant The New York Times Company, respectfully submit this report of status and activity since the January 5, 2009, hearing, and jointly propose the schedule below for the further conduct of the case to trial. Since that hearing, the parties have cooperated in substantially completing fact discovery, have conducted over a dozen depositions and have exchanged thousands of pages of documents. In light of the Court's indication that this case would be set down for a bench trial as early as January 26, 2009, the parties have conferred regarding the processes for the conduct of that trial and post-trial briefing that would most benefit the interests of justice, economy and efficiency. As a result, the parties have agreed on the proposals below, which assume a January 26, 2009 trial date.

WHEREFORE, the parties agree and propose as follows:

1) The parties intend to submit to the Court a Pretrial Memorandum on or before Friday January 23, 2009, which includes the following:

   A) A brief statement of what the parties believe the evidence will demonstrate;

B) Witness Lists for both parties consisting of separate lists for witnesses they intend to call, and anticipated rebuttal witnesses (the parties do not waive the right to call additional rebuttal witnesses if necessary based on trial testimony);

C) A joint exhibit list agreed to by the parties with an indication as to objection preserved [Defendant does not believe that the parties should waive the right to introduce documents for cross-examination, particularly with respect to expert witnesses; Plaintiff's position is that documents to be introduced as evidence at trial, whether on direct or cross-examination, should be listed as an exhibit to the extent known];

D) Stipulations of fact;

E) A summary of know factual disputes and disputed legal issues;

F) Anticipated motions in limine (the parties reserve, however, to request the opportunity to submit motions and memoranda on issues as necessary up to and including through trial as allowed by the Court).

2) To facilitate the filing of the Pretrial Memorandum, the parties will meet and confer in person on Thursday, January 22, 2009, to exchange hard-copy documents corresponding to exhibits to be used at trial to compile the joint exhibit list.

3) By the close of business on Wednesday, January 21, 2007, the parties will exchange preliminary witness lists and preliminary exhibit lists. The parties have agreed they will have until the end of the day on Wednesday, January 21, 2009 to exchange thumb drives, discs, or other electronic media of the parties' websites, or other websites, that they intend to use or introduce as evidence at trial, and that they will not object to the use or admissibility of same on the grounds that such media or print outs of the web pages they store were produced after

January 16, 2009. Such media and documents will be discussed at the January 22 meet and confer.

    4) The parties will propose the following post-trial procedures to the Court:

        A) The parties will file proposed findings of fact and conclusions of law within [Plaintiff proposes one week; ~~Defendant proposes two weeks~~ *w/ay*] of the last day of trial;

        B) The parties will file memoranda of law in support of judgment within two weeks of the last day of trial;

        C) Oppositions to legal memoranda shall be filed within [Plaintiff proposes one week, ~~Defendant proposes two weeks~~ *w/ay*] from service of memoranda.

This proposed schedule is predicated on the understanding that the trial will potentially go forward on January 26, 2009. Given the exceptionally expedited schedule, to the extent that the parties receive notification that the Court's schedule will not allow the trial to go forward on that date, the parties will confer as to any reasonable adjustments to the above [proposed] schedule.

*as m6*
So ORDERED AND SIGNED this __20th__ day of *January*, 2009.

                       *William G. Young*
                       WILLIAM G. YOUNG
                       UNITED STATES DISTRICT JUDGE

√ While this post-trial schedule (as modified) is fine, should the Court take the matter under advisement, the Court announces its intention to make findings and rulings from the bench at the conclusion of final arguments.

                       *William G. Young*

Respectfully submitted,

| | |
|---|---|
| GATEHOUSE MEDIA MASSACHUSETTS I, INC. | NEW YORK TIMES COMPANY |
| By its attorneys: | By its attorneys: |
| /s/ Anthony A. Scibelli<br>Anthony A. Scibelli (BBO #556507)<br>Joseph L. Stanganelli (BBO # 628958)<br>Carolyn A. Marcotte (BBO #663616)<br>HISCOCK & BARCLAY, LLP<br>50 Federal Street, 5th Floor<br>Boston, Massachusetts 02110<br>Tel.: (617) 274-2901<br>Fax: (617) 722-6003 | /s/ R. David Hosp<br>R. David Hosp (BBO #634091)<br>Mark S. Puzella (BBO #644850)<br>GOODWIN PROCTER LLP<br>Exchange Place<br>Boston, Massachusetts 02109-2881<br>Tel.: (617) 570-1000<br>Fax: (617) 523-1231 |
| *and* | *and* |
| Michael J. Grygiel (*pro hac vice*)<br>William A. Hurst (*pro hac vice*)<br>HISCOCK & BARCLAY, LLP<br>50 Beaver Street<br>Albany, New York 12207<br>Tel.: (518) 429-4234<br>Fax: (518) 533-2925 | Ira J. Levy (*pro hac vice*)<br>Parker Bagley (*pro hac vice*)<br>GOODWIN PROCTER LLP<br>The New York Times Building<br>620 8th Avenue<br>New York, NY 10018<br>Tel.: (212) 813-8800<br>Fax: (212) 355-3333 |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Second Status Report and Joint Motion To Set [Proposed] Schedule filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on January 16, 2009.

/s/ R. David Hosp
R. David Hosp