**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

GATEHOUSE MEDIA MASSACHUSETTS I, INC., DOING BUSINESS AS GATEHOUSE MEDIA NEW ENGLAND,

Plaintiff,

v.

THE NEW YORK TIMES COMPANY, DOING BUSINESS AS BOSTON.COM,

Defendant.

Civil Action No. 08-12114-WGY

**THE NEW YORK TIMES COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE THE EXERT TESTIMONY OF LAW PROFESSOR DOUGLAS GARY LICHTMAN**

Defendant The New York Times Company ("New York Times") moves to exclude the trial testimony of Plaintiff's proffered law professor expert, Professor Douglas Gary Lichtman. Professor Lichtman is a 1994 graduate of Duke University, and a 1997 graduate of Yale Law School, who teaches intellectual property courses at UCLA Law School. As the opening paragraph of his Expert Report makes clear, Professor Lichtman expects to testify as to his own legal opinions and conclusions regarding the applicability of the fair use doctrine to Plaintiff GateHouse Media Massachusetts, I, Inc.'s ("GateHouse") claims, as well as the Counterclaim-Plaintiffs' Counterclaim allegations. Professor Lichtman writes that he has "been asked to offer [his] opinion as to whether copyright law's fair use doctrine . . . excuses Defendant's practice of making unauthorized copies of Plaintiff's news headlines and ledes." Expert Report of Douglas Gary Lichtman, ("Report") Exhibit 1, at ¶ 1. In other words, Professor Lichtman expects to construe, explain, and apply the law (as he sees it) to the facts (as he sees them), and then offer

Dockets.Justia.com

his opinion as to what the result of this case should be - a task that, in this jury-waived trial, is reserved exclusively for the Court. Professor Lichtman claims no expertise related to any factual matter before the Court, and instead proudly proclaims his sole expertise: the law. Professor Lichtman's expected testimony, as set out in his Report, is entirely improper under Federal Rule of Evidence 702,[1] and should be excluded in its entirety.

## ARGUMENT

### I. PROFESSOR LICHTMAN'S EXPECTED TESTIMONY WILL NOT ASSIST THE TRIER OF FACT

Federal Rule of Evidence 702 ("Rule 702") sets forth the standard for determining whether to admit an expert's expected testimony. Rule 702 provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion." *Id.* (emphasis added). In determining whether expert testimony may be "helpful" to the trier of fact, the 1972 advisory comments to Rule 702 state that the question is "whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute." *See* 1972 Proposed Rules Advisory Comments, *quoting* Ladd, *Expert Testimony*, 5 Vand.L.Rev. 414, 418 (1952). When the fact or facts at issue do not require such "enlightenment" from an expert witness, expert testimony on the issue will ordinarily be excluded. *See id.*

---

[1] Courts and commentators have differed somewhat as to which of the provisions of the Federal Rules of Evidence "expert" legal opinions should be excluded. The First Circuit, however, citing to Federal Rule of Evidence 702, has noted that "[d]istrict courts may exclude expert opinion which purports to embrace legal standards in a variety of circumstances, such as when the testimony would likely fail to assist the trier." *Northern Heel Corp. v. Compo Indus.*, 851 F.2d 456, 468 (1st Cir. 1988).

The First Circuit and this Court have routinely and consistently concluded that judges do not require "enlightenment" on the law, that "expert" legal testimony does not "assist the trier of fact," and that "expert" legal opinion testimony is therefore inadmissible under Rule 702.[2] *See Northern Heel Corp. v. Compo Indus.*, 851 F.2d 456, 468-469 (1st Cir. 1988); *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 100-101 (1st Cir. 1997); *Pelletier v. Main St. Textiles, LP*, 470 F.3d 48, 54-55 (1st Cir. 2006); *Ji v. Bose Corp.*, 538 F. Supp. 2d 354, 359-360 (D. Mass. 2008); *see also* David H. Kaye, et al., *The New Wigmore: A Treatise on Evidence, Expert Evidence*, § 1.4 (with a few "anomalous" exceptions, "testimony containing a legal conclusion . . . should be excluded as unhelpful to the jury under Rules 702 and 403.").[3] This fundamental position — articulated by innumerable other federal district courts, as well as the many Courts of Appeals — also has been specifically applied where parties have sought to introduce "experts" on copyright law. *See, e.g. Music Sales Corp. v. Morris*, 73 F. Supp. 2d 364, 381 (S.D.N.Y. 1999) (excluding expert affidavit of copyright professor and treatise author William F. Patry on the grounds that such "testimony of an expert on matters of domestic law is inadmissible for any purpose."); *Religious Tech. Center v. Netcom On-Line Commc'n Srvs., Inc.*, No. C-95-20091-RMW, 1997 WL 34605255, at *8 (N.D. Cal. Jan. 6, 1997) (striking declarations of copyright "experts" and

---

[2] Courts and commentators have also noted that such legal conclusion testimony is inadmissible under Federal Rule of Evidence 704 ("Rule 704"). While Rule 704 states that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact," the commentary to Rule 704 makes clear that legal opinion testimony remains inadmissible. *See* Rule 704, 1972 Proposed Rules Commentary ("The abolition of the ultimate issue rule does not lower the bars so as to admit all opinions. Under Rules 701 and 702, opinions must be helpful to the trier of fact, and rule 403 provides for exclusion of evidence which wastes time. These provisions . . . stand ready to exclude opinions phrased in terms of inadequately explored legal criteria.")

[3] Exceptions include questions of foreign law, legal malpractice, and "rare, highly complex and technical matters where a trial judge, utilizing limited and controlled mechanisms, and as a matter of trial management, [would] permit[] some testimony seemingly at variance with the general rule." *See Nieves-Villanueva*, 133 F.3d at 99, 101. No such exception applies here.

noting that "[i]t is well-established that interpretations and explanations of the law are not proper subjects of expert testimony.").[4]

Indeed, as the First Circuit put it in *Nieves-Villanueva*, "questions of law are not 'to be decided by the trier of fact;' rather it is for the judge, not the lawyers or the witnesses, to inform the jury of the law applicable in the case and to decide any purely legal issue." 133 F.3d at 100. The court noted that "[i]t is black-letter law that it is not for witnesses to instruct the jury as to applicable principles of law, but for the judge . . . [a]t least seven other circuit courts have held that the Federal Rules of Evidence prohibit such testimony, and we now join them as to the general rule." *Id.* at 99. As discussed below, Professor Lichtman's expected testimony falls clearly within the category of inadmissible and excludable legal opinion testimony, and he should therefore be excluded from testifying at trial.

## II. PROFESSOR LICHTMAN'S EXPECTED TESTIMONY, AS DISCLOSED IN HIS REPORT, CONSISTS ENTIRELY OF IMPERMISSIBLE LEGAL OPINIONS.

Far from explaining or elucidating the evidence in this case in a way that would be otherwise inaccessible to the trier of fact, Professor Lichtman's expected testimony, as he explicitly writes in his Report, would instead merely offer legal analysis and conclusions, impermissibly usurping this Court's essential function. In his discussion of the facts, for example, Professor Lichtman admits that his testimony will not clarify or otherwise elucidate any facts or evidence at issue in this case. Rather, he merely recites the facts as have been relayed to him through the materials to arrive at his legal conclusions. *See* Report at ¶ 23 ("I recite facts

---

[4] This is not to say that expert testimony on factual issues is not permissible in copyright cases. Courts will admit expert testimony on the question of "substantial similarity" for example, and will also admit expert testimony on the issue of market impact under the fourth prong of the fair use analysis. *See, e.g. Kohus v. Mariol*, 328 F.3d 848, 857 (6th Cir. 2003) (noting that in certain specialized instances, expert testimony is sometimes necessary on the question of substantial similarity). In addition, in one instance, the Southern District of New York permitted the legal counsel of a defendant infringer to testify as to his understanding and application of the fair use doctrine in a copyright case, but that testimony was admitted as it applied to the question of willfulness and damages under the Copyright Act, not as to the application of copyright law itself. *See Basic Books, Inc. v. Kinko's Graphics Corp.*, 758 F. Supp. 1522, 1545 n.21 (S.D.N.Y. 1991). Such is emphatically not the case here.

here not to testify as to the truth of the assertions. I instead summarize and emphasize certain facts only because they provide the background for and context of my opinions."). Nor does Professor Lichtman even suggest that his expected testimony will focus on anything other than his interpretation of the law of fair use. In the introduction to his "Fair Use Analysis" (Part V of his Report), Professor Lichtman makes clear that he intends to directly address the relevant legal standard, and explain his understanding of the law to the Court. *See* Report at ¶ 31 ("My focus, then, is on the proper interpretation and application of the fair use doctrine, which is codified at section 107 of the Copyright Act."). Incredibly, Professor Lichtman portends to offer his "expert opinion" so as to specifically direct this Court as to how it should interpret and apply the law. *See* Report at ¶ 33 ("Courts are required to consider four specific statutory factors when evaluating an assertion of fair use . . . courts are explicitly empowered to go beyond those factors and engage in a broader public policy analysis as appropriate."). Such "expert" testimony, aimed precisely at instructing this Court on how to understand and apply the law, invades the exclusive province of the trial judge, and must be excluded. *See Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997) ("Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards.").

The rest of Professor Lichtman's report fares no better. As he wends his way through the four prongs of the fair use analysis in his Report, (Parts V.A-E of the Report), Professor Lichtman applies the four factors to the facts at issue in this case, ultimately rendering a legal conclusion in each sub-part as to how the Court should evaluate New York Times' "copying" with respect to each factor. In Paragraphs 46-47, for example, Professor Lichtman determines that, <u>in</u> <u>his</u> <u>legal</u> <u>opinion</u> of the "purpose and character of the use" prong of the fair use test, New

York Times' copying "is clearly not transformative" and "falls flat." Report at ¶ 47.[5] In Paragraphs 48-49, Professor Lichtman discusses the nature of the copyrighted work, evaluates where headlines and ledes fall in the spectrum of "creative" works, and ultimately determines that, in his legal opinion, "the news stories at issue here likely fall toward the [less creative] side of the spectrum." Report at ¶ 48. Similarly, in Paragraph 53, Professor Lichtman discusses the "amount and substantiality of the portion used," and, taking his analysis of the law into account, determines that, in his legal opinion, "the copying done by the Defendant in this case triggers two different concerns related to the third fair use factor. Each tips this factor against the Times." Report at ¶ 53. Finally, in Paragraphs 59-60, Professor Lichtman tells the Court that in his legal opinion, the fourth factor of the fair use analysis (market effect) "should in almost every dispute weigh at least slightly against a finding of fair use . . . [a]pplying all that to the dispute at issue here, the fourth fair use factor weighs strongly against a finding of fair use." Report at ¶¶ 59-60.

The expected testimony described above seeks to do nothing more than substitute Professor Lichtman's own private conclusions of law for those of this Court, as it purports to determine the appropriateness or inappropriateness of copying under the fair use doctrine.[6] Legal conclusions such as these are precisely what must be excluded under Rule 702. *See Northern Heel Corp.*, 851 F.2d at 468 (approving district court's decision that an expert witness' proposed testimony "as to the 'legality' of specific conditions or the 'meaning' of particular regulations would not have assisted the trier of fact in any significant way."). Indeed, so long as

---

[5] It is worth noting that Professor Lichtman's conclusions in this regard are at odds with established precedent. The issue, however, would be best addressed by the parties in legal briefing—the appropriate vehicle for legal argument, that the Court may then rule on.

[6] Disingenuously, Professor Lichtman professes that "his role here . . . is not to advocate for either side, but instead to present [his] own honest view as to how modern copyright law would address these issues." Report at ¶ 2.

the Court can "understand the evidence [and] determine [the] fact[s] in issue," Professor Lichtman's expected testimony should be excluded, and because the expected testimony does not even hint at an explication or elucidation of the facts at issue, but rather simply applies them to the copyright laws of the United States, such exclusion is warranted. *See Williams v. Paulos*, 11 F.3d 271, 282 (1st Cir. 1993).

## III. PROFESSOR LICHTMAN'S EXPECTED TESTIMONY REGARDING THE COUNTERCLAIM ALSO CONSISTS ENTIRELY OF IMPERMISSIBLE LEGAL OPINIONS.

For much the same reasons as those stated above, Professor Lichtman's expected testimony on the Counterclaim-Plaintiffs' Counterclaim must also be excluded. Professor Lichtman explains in the introduction to Part VI of his Report that he will "examine the accuracy of [the comparison between GateHouse's conduct and Counterclaim-Plaintiff's conduct] and explain why the examples cited by the Times are in fact different in ways that are not only intuitive, but also legally significant." Report at ¶ 64. Professor Lichtman then proceeds to examine the linking and copying practices discussed by the Counterclaim-Plaintiffs and engaged in by GateHouse in the Counterclaim. Such testimony is impermissible for two reasons. First, to the extent the expected expert testimony purports to discuss matters of fact, such matters are, as described by Professor Lichtman, "intuitive," and thus require no elucidation for the Court from a purported legal expert. Second, to the extent such differences are "legally significant," the explication of that legal significance is a task for the Court to determine, and not Plaintiff's lawyer on the stand.

For example, in Paragraphs 69-71, Professor Lichtman discusses "distinctions" between the copying of headlines committed by GateHouse on The Batavian and the copying committed by the Boston.com Your Town sites. Professor Lichtman concludes that "[t]hese distinctions are obviously important under the first fair use factor . . . [f]or similar reasons, factors three and four

of the fair use test also are substantially more favorable as applied to The Batavian than they were as applied to Defendant's various YourTown sites." Report at ¶¶ 69, 71. Similarly, in his discussion of the GateHouse website Election 2008, Professor Lichtman hypothesizes on how a court would resolve the fourth factor of the fair use analysis with respect to the Election 2008 website's copying of headlines and ledes from non-GateHouse news sources. Report at ¶ 79. This kind of application of Professor Lichtman's understanding of the law to the facts of the case are gratuitous and unhelpful to the Court, and must be excluded. *See, e.g.* Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence*, § 7.20 (discussing Rule 704 and noting that "[w]hen expert testimony goes directly to the application of governing law to the facts of the case, it is usually excluded if it seems unhelpful, because it amounts to a kind of gratuitous advice telling the jury how to decide the case."). Despite his early protestation that his "role here . . . is not to advocate for either side, but instead to present [his] own honest view as to how modern copyright law would address these issues," Professor Lichtman's Report does nothing *but* tell the Court how to decide these issues, and why, in his <u>legal</u> view, they should be decided in Plaintiff's favor. *See* Report at ¶¶ 2, 93 ("to reject the fair use defense here would be to disapprove not of linking in general, but of a specific, narrow, egregious, economically destructive linking practice that, in this case, threatens to undermine the incentive for anyone to engage in hyper-local journalism. (On the other hand, to restrict fair use as far as the New York Times' defensive Counterclaim asks the Court to do would indeed threaten common and widely accepted Internet practices.)"). Such bald conclusions of law are not evidence, but legal opinions, and are inadmissible. *See, e.g. City of Waltham v. U.S. Postal Srvc.*, 786 F. Supp. 105, 120 n.14 (D. Mass. 1992) (noting than an affidavit "which presents legal opinions and conclusions, will not be considered by the Court").

The Court does not need Professor Lichtman to explain the Copyright Act, to instruct the Court on the proper application of precedent, or how to apply it to the facts of this case. Professor Lichtman's expected testimony, as articulated in his Report, does nothing more than that. It should be excluded.

## CONCLUSION

For the foregoing reasons, Defendant New York Times respectfully requests that this Court exclude the expected trial testimony of Law Professor Douglas Gary Lichtman in its entirety.

Dated: January 23, 2009

Respectfully submitted,

THE NEW YORK TIMES CO.,

By its attorneys,

/s/ R. David Hosp
R. David Hosp (BBO # 634091)
Mark S. Puzella (BBO # 644850)
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts 02109
Tel.: 617.570.1000
Fax: 617.523.1231

*and*

Parker Bagley (*pro hac vice*)
Ira J. Levy (*pro hac vice*)
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
Tel.: 212.813.8800
Fax: 212.355.3333

## CERTIFICATE OF SERVICE

I, Ira J. Levy, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 23, 2009.

/s/ Ira J. Levy