# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GATEHOUSE MEDIA MASSACHUSETTS I, INC., DOING BUSINESS AS GATEHOUSE MEDIA NEW ENGLAND,<br><br>    Plaintiff,<br><br>    v.<br><br>THE NEW YORK TIMES COMPANY, DOING BUSINESS AS BOSTON.COM,<br><br>    Defendant. | Civil Action No. 08-12114-WGY |

## THE NEW YORK TIMES COMPANY'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD

Pursuant to Fed. R. Civ. P. 37(a) and Local Rule 37.1, Defendant The New York Times Company ("The New York Times") submits this Memorandum in Support of its Motion to Compel Production of Documents Improperly Withheld by Plaintiff GateHouse Media Massachusetts I., Inc., ("GateHouse").  GateHouse has withheld approximately fifty documents from production based on unsupportable blanket assertions of attorney work product.

Despite The New York Times' repeated requests, GateHouse has refused to comply with its obligations under the Federal Rules to provide sufficient information on its privilege log to enable The New York Times, or this Court, to assess the applicability of GateHouse's asserted protection.  *See e.g.*, Hosp Letter of January 21, 2009, Exh. 1; Grygiel Letter of January 22, 2009, Exh. 2.  GateHouse, therefore, should be ordered to produce all of the documents identified on its privilege log for failure to meet its burden to establish the asserted protection.

After making reasonable efforts to resolve the privilege log and related issues with

LIBA/1964223.1

GateHouse, The New York Times is left with no alternative but to seek the Court's assistance in obtaining discoverable information.  In particular, The New York Times requests an order directing GateHouse to produce immediately all of the documents GateHouse has withheld from production on purported claims of work product, or, alternatively, to produce the documents for an *in camera* review by the court.  This requested Order is necessary and appropriate because, given two opportunities to meet its burden affirmatively to demonstrate each element of its asserted privilege as required under Fed. R. Civ. P. 26(b)(5), GateHouse chose instead to rest on its improper blanket claims of privilege.

In addition, based on its descriptions, the documents improperly withheld by GateHouse as work-product are clearly not immune from discovery, including (i) e-mail communications between non-attorney GateHouse employees; (ii) alleged work product documents with no date identified; and (iii) documents prepared by non-attorneys relating to business decisions.

The New York Times attempted on several occasions to resolve this issue with GateHouse after the issue was uncovered in depositions of GateHouse employees.  During these depositions, witnesses testified that the documents for which GateHouse's attorneys asserted protection under the work product doctrine were not prepared at the direction of counsel.  While GateHouse agreed to produce two of the then three disputed documents, it nonetheless failed to provide any adequate description of numerous documents on its privilege log, and continued to add documents to its log as recently as January 22, 2008.

## ARGUMENT

### I.  GATEHOUSE BEARS THE BURDEN OF PROVING ITS PRIVILEGE ASSERTIONS.

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  A

2

party may withhold documents as protected by the attorney-client privilege, the work product doctrine, or both.

Privileges are narrowly construed because their assertion results in the suppression of relevant evidence and stands "in derogation of the search for the truth." *See, e.g., United States v. Nixon*, 418 U.S. 683, 710 (1974); *In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 451 (6th Cir.1983). Thus, the burden of establishing privilege and non-waiver rests with the person asserting it. *United States v. Textron, Inc.*, No. 07-2631, ___ F.3d ___, ___, slip op. at 11 (1st Cir. January, 21, 2009); *XYZ Corp. v. United States*, 348 F.3d 16, 22 (1st Cir. 2003). Privilege cannot be asserted generically; the privilege must be "specifically asserted with respect to particular documents" and cannot be "tossed as a blanket over an undifferentiated group of documents." *United States v. El Paso Co.,* 682 F.2d 530, 539 (5th Cir. 1982) (citing *United States v. Davis*, 636 F.2d 1028, 1044 n.20 (5th Cir. 1981).

GateHouse fails to meet its burden to prove the applicability of its asserted privilege because GateHouse's privilege log consists of nothing more than blanket assertions of attorney work product. *See* GateHouse Media's Privilege Log of January 22, 2009, Exh 3. Without adequate explanation of why documents are protected, any claim that such documents are protected from disclosure is unsustainable, and the documents should therefore be produced to The New York Times. Moreover, as described in detail below, GateHouse's attempt to withhold two documents, clearly not subject to the attorney work product protection, calls into question the manner in which the work product protection is being applied by GateHouse.

A. **Gatehouse Has Not Met Its Burden Of Proving Its Privilege Assertions.**

The work product doctrine "shelters the mental processes of the *attorney*, providing a privileged area in which he can analyze and prepare his client's case." *See United States v. Nobles,* 422 U.S. 225, 238-239 (1975) (emphasis added). This shelter can extend to materials

3

prepared by non-attorneys if prepared at the attorney's direction. *Id*. Further, it is well established that the work product doctrine does not extend to a document merely because it discusses or analyzes issues that are relevant to potential or pending litigation. Instead, the party asserting the privilege must demonstrate the correlation between each withheld document and the litigation for which the document was created. *Maine v. U.S. Dep't of the Interior*, 298 F.3d 60, 69-70 (1st Cir. 2002).

### 1. Gatehouse Has Not Demonstrated That The Documents Were Prepared For, Or At The Direction Of, Counsel.

In this Circuit, "the mere relation of documents to litigation does not automatically endow those documents with privileged status." *Id.* The party must provide information sufficient to show that the document was created at the direction of counsel *or* at a minimum it should be apparent that the ultimate destination of the document was an attorney's office. *See City of Worcester v. HCA Mgmt. Co.*, 839 F. Supp. 86, 88-89 (D. Mass. 1993). While acknowledging that the attorney work product protection can extend to documents created by non-attorneys, documents afforded this protection must be created at the direction of counsel, or in response to counsel's direct queries. *See Sprague v. Director, Office of Workers' Compensation* Programs, 688 F.2d 862, (holding that work product protection extended to a letter written by a doctor in response to an attorney's questions); *see also In re Grand Jury Subpoena*, 220 F.R.D. 130, 142 n.6 (D. Mass. 2004) (noting that the First Circuit appears to take a broad view of Rule26(b)(3), but still limits protection to those documents "prepared *for a party's representative, such as an attorney*.")(emphasis added).

Here, GateHouse lists fifty documents and e-mails, drafted by non-attorneys, and sent only to non-attorneys, as subject to the attorney work product protection. GateHouse fails to provide any explanation whatsoever as to why these documents are protected, other than a

4

blanket description that they are "work product regarding the litigation." In response to The New York Times' request that GateHouse revise the document descriptions in its privilege log to provide such justification, GateHouse amended its log, simply adding communications between GateHouse attorneys and employees that pre-date the creation of the disputed documents. *See* Exhs. 1, 2. The mere fact that GateHouse employees were in communication with in-house counsel at some point *before* the creation of the disputed documents does not provide protection to all documents created thereafter. The fact that an in-house attorney at GateHouse spoke with GateHouse employees on November 10, 2008 hardly supports a conclusion that documents created after November 10, 2008 were done for, or at the direction of, counsel. In order to meet its burden of demonstrating that privilege or protection applies, GateHouse must provide enough information to tie specific documents to a specific request or communication with counsel. Reciting that the documents are "regarding" litigation is plainly insufficient.

### 2. Gatehouse Has Delayed Adding Documents To Its Privilege Log.

During the depositions of Mr. Owens and Ms. Eisenmenger, The New York Times discovered the existence of three highly relevant documents being withheld by GateHouse on attorney work product grounds. Counsel for GateHouse was clearly aware of, and had reviewed these documents. Only after The New York Times sent a letter requesting production of these documents were two of them produced by GateHouse under the condition that it maintained its protected designation. *See* Hosp Letter of January 12, 2009, Exh. 4; Grygiel Letter of January 15, 2009, Exh. 5. The first document, the "White Paper" is clearly not subject to the work product doctrine. The produced portions of the second document, the "Newton Memo" also fall outside the scope of such protection.

The New York Times also requested, on January 21, 2008, that GateHouse provide an updated privilege log addressing certain deficiencies in document descriptions, as detailed

below.  *See* Exh. 1.  In response, on January 22, 2008, GateHouse merely added additional documents to its log.  *See* Exhibits 2, 3.  GateHouse's already proven practice of withholding documents on invented claims of privilege or attorney work product protection and failing to even list the documents on its privilege log has hampered The New York Times' ability to prepare for trial in this accelerated case.

### 3. Gatehouse's Privilege Log Fails To Comply With Federal Rules Requirements.

GateHouse cannot be permitted to withhold discoverable information and, at the same time, refuse to comply with its obligations under the Federal Rules to describe the purportedly privileged or attorney work product documents on a privilege log.  For all documents and communications for which GateHouse claims attorney-client or attorney work product protection, GateHouse must "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A).  GateHouse's privilege log fails to comply with this rule in several respects.

First, the "Document Title/Description of Subject Matter" is so vague and oblique as to be meaningless.  *See PYR Energy Corp. v. Samson Resources Co.*, 2007 WL 446025, at *1 (E.D. Tex. Feb 07, 2007); *see also In re Omeprazole Patent Litigation*, 2005 WL 818858, at *9 (S.D.N.Y. Feb. 18, 2005) (stating that a motion to compel is appropriate where the "description in the privilege log appeared to be calculated more to make it appear that these documents are properly subject to claims of privilege than to accurately describe what they actually are.").  For almost every entry on documents for which a claim of attorney work product has been made, the subject matter description is the same:  "work product regarding litigation."  As the document must be regarding litigation, or made in anticipation of litigation in order for the attorney work

6

product protection to apply, these entries are no more than a restatement of what protection GateHouse is claiming, rendering the asserted privilege column superfluous. Despite having two opportunities to provide an appropriate log, GateHouse continues to describe documents as "work product regarding litigation." This description does not permit The New York Times to assess the claim of attorney work product protection.

Second, there is no proffered justification for the assertion of any claim of privilege. *See PYR Energy Corp.*, 2007 WL 446025 at *1. Many documents for which GateHouse claims attorney work product protection were not drafted by an attorney or at the direction of an attorney, nor was an attorney even a recipient of the document. The position that relevant, discoverable documents are protected by the attorney work product protection simply because they are made after litigation was contemplated or even "regarding" the litigation is untenable.

Third, for several entries for which GateHouse claims attorney work product protection, the "Date" field is blank. This makes it difficult, if not impossible, for The New York Times to even begin assessing whether the document could possibly have been created in anticipation of or because of this litigation.

## CONCLUSION

For the foregoing reasons, the Court should order the immediate production of all documents improperly withheld by GateHouse based on unsupported assertions of privilege and attorney work product. In the alternative, the Court should order the immediate production of all documents designated as attorney work product to the Court for an *in camera* review.

Dated: January 23, 2009

Respectfully submitted,

THE NEW YORK TIMES CO.,

By its attorneys,

/s/ R. David Hosp
R. David Hosp (BBO # 634091)
Mark S. Puzella (BBO # 644850)
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts 02109
Tel.: 617.570.1000
Fax: 617.523.1231
rhosp@goodwinprocter.com
mpuzella@goodwinprocter.com

*and*

Parker Bagley (*pro hac vice*)
Ira J. Levy (*pro hac vice*)
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
Tel.: 212.813.8800
Fax: 212.355.3333
pbagley@goodwinprocter.com
ilevy@goodwinprocter.com

**LOCAL RULEs 7.1(A)(2) AND 37.1 CERTIFICATE AND CERTIFICATE OF SERVICE**

The undersigned certifies pursuant to Local Rules 7.1(A)(2) and 37.1 that the moving party has conferred with opposing counsel on the matter set forth herein and reports that Plaintiffs' counsel has not consented to the relief sought herein. In addition to the attached correspondence, a discovery conference, lasting four to five minutes, was held telephonically at approximately 3:00 p.m., on January 23, 2009. Joseph Stanganelli participated on behalf of Plaintiff. Ira J. Levy and Parker Bagley participated on behalf of Defendant. I, Ira J. Levy, further certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 23, 2009.

/s/ Ira J. Levy